**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SALVADOR MELGOZA-SOLORIO,** | **1:13-CR-82-LJO** |
| **Movant,** | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 13) |
| **v.** | |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

## I. <u>INTRODUCTION</u>

Salvador Melgoza-Solorio (Petitioner) is a prisoner in federal custody proceeding pro se. Now before the Court is Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the reasons discussed below, this Court DENIES the motion.

## II. <u>BACKGROUND</u>

On March 7, 2013, Petitioner was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Doc. 7. The indictment alleged that Petitioner is an alien who had been deported or removed on March 6, 2001, after having been convicted of infliction of corporal injury on a spouse or cohabitant, in violation of California Penal Code § 273.5(a), a crime punishable by a term of imprisonment exceeding one year. Doc. 7. The indictment alleges that Petitioner was sentenced to three years in prison. The Court takes judicial notice of Petitioner Case Detail from the Superior Court of California County of Kern, attached as Exhibit A, which states that he pled nolo contendere to a violation of California Penal Code § 273.5(a), Willful Infliction of Corporal Injury, and

was sentenced to three years in prison.[1] The indictment further alleges that on or about March 5, 2013,

Petitioner was found in the Eastern District of California without the consent of the United States

Attorney General or the Secretary of the Department of Homeland Security.

On April 8, 2014, Petitioner entered into a plea agreement acknowledging that he is not a citizen

of the United States, that he was previously removed from the United States, and that he was later found

in the United States after having reentered without obtaining the consent of the United States Attorney

General or Secretary of the Department of Homeland Security. Doc. 10. As part of the plea agreement,

Petitioner agreed that he "knowingly and voluntarily waive[d] his Constitutional, statutory and legal

rights to appeal his plea, conviction and sentence." Doc. 10. Petitioner further agreed "not to contest his

plea, conviction and sentence in any post-conviction proceeding, including but not limited to a

proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." Doc. 10.

On April 15, 2013, Petitioner pled guilty to count 1 of the indictment, violation of U.S.C. §

1326(a). Docs. 12. The Court sentenced Petitioner to thirty months imprisonment. Doc. 12.

Petitioner filed a Section 2255 motion to vacate, set aside, or correct his sentence on March 24,

2014. Doc. 13. On April 2, 2014, the Court ordered the Government to file an opposition. Doc. 14. The

Government filed their opposition on July 1, 2014. Doc. 19.

### III. DISCUSSION

**A.      Ineffective Assistance of Counsel Claims Are Not Waived**

Despite the fact that his plea agreement contains a waiver of his right to file a § 2255 motion,

Petitioner did not waive his right to attack his plea, conviction and sentence collaterally by way of a

Section 2255 motion based on a claim of ineffective assistance of counsel. "A plea agreement that

waives the right to file a federal habeas petition…is unenforceable with respect to an [ineffective

---

[1] Courts may take judicial notice of adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a)(2). The Court may do so sua sponte or at a party's request. Fed. R. Evid. 201(c). "Although each case must be viewed on its own merits, the Court is empowered to and does take judicial notice of court files and records." *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979).

assistance of counsel] claim." *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005). An express waiver of the right to appeal or collaterally attack a conviction and sentence "is valid only if [it is] knowingly and voluntarily made." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). As ineffective assistance of counsel claims challenge the "voluntary and intelligent nature" of the plea agreement, such claims cannot be waived. *Washington*, 422 F.3d at 869. Thus although Petitioner's plea agreement waived his right to collaterally attack his conviction and sentence, his right to make a claim of ineffective assistance of counsel is preserved. *Id*. When a "defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)(quoting *McMann v. Richardson*, 397 U.S. 759, 771(1970)).

**B.      Ineffective Assistance of Counsel**

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. There is "a strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *Palomba*, 31 F.3d at 1461 (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). "A

court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Petitioner asserts that by failing to challenge the validity of his underlying deportation order, his counsel's performance was deficient. Doc. 13. "In a criminal prosecution under [8 U.S.C.] § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Velasco-Medina*, 305 F.3d 839, 847 (9th Cir. 2002). An alien facing charges under § 1326 may attack the validity of his underlying deportation if he can show:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). In this case, Petitioner's attorney did not attack the underlying deportation under 8 U.S.C. § 1326(d). Petitioner claims that this failure constituted ineffective assistance of counsel.

Petitioner invokes § 1326(d)(2), asserting that his due process rights were violated during the deportation proceedings because the Immigration Judge did not inform him of his right to seek voluntary departure. 8 U.S.C. § 1229c(a)(1) provides the standard for voluntary departure:

> The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B) of this title.

In contrast, an alien who is "admitted to the United States shall…be removed if the alien is within one or more" of the "classes of deportable aliens." 8 U.S.C. § 1227 (emphasis added). Section 1227(a)(2)(A)(iii) specifically provides that "any alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" is defined to include "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offence) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(43)(F). Section 16 states:

> The term "crime of violence" means--
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

In December 1998, Petitioner pled nolo contendere to a violation of California Penal Code 273.5(a):

> Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

Within the definition of the statute is an element of "physical force against the person…of another." 18 U.S.C. § 16. Furthermore, the Ninth Circuit has held Petitioner's "conviction for willful infliction of corporal injury on his spouse in violation of Cal. Penal Code § 273.5(a), for which he was imprisoned for one year, constitutes an 'aggravated felony.'" *Castaneda v. Ashcroft*, 118 F. App'x 319, 320 (9th Cir. 2005). "The corporal injury to a spouse grounds is sufficient for [Petitioner] to be removable as an aggravated felon under INA 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii)." *Perez-Valdivia v. Gonzales*, 178 F. App'x 636, 638 (9th Cir. 2006). As Petitioner pled to the same charge, it is clear that he would also be removable under § 1227(a)(2)(A)(iii).[2]

Petitioner was sentenced to three years imprisonment. Exhibit A. Although Mr. Melgoza-Solorio might not have served his full sentence it is not the actual time served but the sentence which is determinative of whether a Petitioner has met the minimum year required by § 1227(a)(2)(A)(iii). "Congress intended the phrase 'for which the term of imprisonment [is] one year or more' in section 1101(a)(43)(G) to refer to the actual sentence imposed by the trial judge." *Alberto-Gonzalez v. I.N.S.*, 215 F.3d 906, 910 (9th Cir. 2000).

---

[2] For the purposes of immigration, pleading nolo contendere is the equivalent of a conviction. A "plea of nolo contendere is a conviction for immigration purposes." *Carey v. Holder*, 316 F. App'x 701, 702 (9th Cir. 2009). "While it may be true, as petitioner maintains, that a guilty judgment following a nolo contendere plea can not be used as an admission in a subsequent action, it has been held that the conviction may be noticed for purposes of deportation where the fact of the conviction is itself the only thing that is relevant." *Ruis-Rubio v. Immigration & Naturalization Serv.*, 380 F.2d 29 (9th Cir. 1967).

5

As Petitioner met the requirements for deportation under§ 1227(a)(2)(A)(iii) he was not entitled to voluntary departure. 8 U.S.C. § 1229c(a)(1). "Where the record…raises a reasonable possibility that the petitioner may be eligible for relief, the [Immigration Judge] must inform the alien of this possibility and give him the opportunity to develop the issue." *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001). "Immigration Judges 'are not expected to be clairvoyant; the record before them must fairly raise the issue.'" *Id*. The record in Petitioner's case clearly showed that he did not have the right to voluntary departure. The Immigration Judge explained prior to Petitioner accepting his deportation sentence that if an alien qualified for relief from removal that he would point out such relief. Doc. 19-1. Petitioner affirmed that he understood the explanation about the allegations against him and did not wish to hire an attorney. Doc. 19-1. The Immigration Judge clearly explained that voluntary departure was not available for crimes considered aggravated felonies and that since Petitioner had been sentenced to more than one year imprisonment no relief was available and the Petitioner did not qualify for voluntary departure. Doc.19-1. After this explanation, Petitioner declined the opportunity to appeal the Immigration Judge's decision. Doc. 19-1. As no relief was possible, a fact that was explained to Petitioner by the Immigration Judge, Petitioner was not denied due process in the context of his underlying deportation proceeding. *Muro-Inclan*, 249 F.3d at 1184.

Having no basis for which to successfully challenge the underlying deportation order, Petitioner's attorney performance did not fall below "an objective standard of reasonableness." There is no constitutional deficiency where counsel fails "to raise a meritless legal argument," *Shah v. United States*, 87 F.3d 1156, 1162 (9th Cir. 1989). Accordingly, Petitioner's ineffective assistance of counsel claim fails.

**B. Certificate of Appealability**

This Court finds that Mr. Melgoza-Solorio has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of Mr. Melgoza-Solorio's claims debatable or wrong. *Slack v. McDaniel*,

529 U.S. 473, 483 (2000). Accordingly, this Court declines to issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1.      DENIES Mr. Melgoza-Solorio's § 2255 motion to vacate, set aside, or correct sentence and

2.      DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 23, 2014**                        **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE